THE FIRST RUSSIAN NATIONAL ORGANIZATION OF THE
NEW ENGLAND STATES, INCORPORATED, *vs*. HARRY
ZURAW.

Third Judicial District, New Haven, June Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and BENNETT, Js.

Having admitted in his answer that the plaintiff was duly incorporated,
as the complaint alleged, the defendant is in no position to assert
the contrary in this court upon appeal, nor is it incumbent upon
this court to pass upon that question.

By its incorporation a voluntary association is merged in the corporate
body, its members become the constituent members of the cor-
poration, and its property becomes the property of the corporation.
But the formation of a corporation without capital stock by three
persons who are members of the voluntary association, does not
incorporate such association nor merge it in the corporate body,
without the association's assent or the assent of its members.

In the present case the certificate of incorporation merely recited that
A, B and C, "the subscribers, do hereby associate ourselves as a
body politic and corporate," and then followed the "articles of
association" giving the name of the corporation—which was prac-
tically that of the voluntary association—its purposes, and its
location. *Held* that while this certificate was prima facie evidence
of the legal existence of the corporation, it did not show any in-
corporation or merger of the voluntary association; that in order
to identify such association with the newly-formed corporation,
it was incumbent upon the plaintiff, who asserted such identity,
to show that these incorporators were authorized by the asso-
ciation to incorporate in its behalf and that its members were in
fact associates of the incorporators in the act of incorporating,
or that they had since become such associates; and that this was
not accomplished merely by showing that there had previously
been a general understanding that the association would at some
time incorporate.

After the incorporation of the plaintiff, its president visited three of
the five local branches of the voluntary association and explained
the certificate of incorporation, which was accepted by each of
these branches at such meetings. *Held* that inasmuch as the
supreme legislative authority of the voluntary association was,
by its by-laws, vested in a convention consisting of officers of the
"supreme assembly" and delegates from the local branches, the
branches themselves could not by their own separate action bind

First Russian National Organization *v.* Zuraw.

the voluntary association; and that if such acceptance could be regarded as merging that particular branch in the newly-formed corporation, such branch would thereby lose its membership in the voluntary association, pursuant to § 28 of its by-laws, including the right of the branch to a return of any dues paid by it to the association; and therefore the plaintiff corporation had failed to show that it had acquired any right to moneys held by the defendant as treasurer of the voluntary association.

Having heard two of the defendant's witnesses the trial court stated that further evidence was unnecessary as it was satisfied that the plaintiff had failed.to make out a case. The plaintiff offered nothing further and the court rendered judgment for the defendant. *Held* that the court's action in interrupting the trial afforded the plaintiff no substantial ground for complaint.

Argued June 3d—decided July 27th, 1915.

ACTION to recover moneys alleged to be withheld by the defendant as treasurer of a voluntary association to whose rights the plaintiff corporation had succeeded, brought to and tried by the Superior Court in New Haven County, *Tuttle, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Robert L. Munger,* for the appellant (plaintiff).

*Harold E. Drew,* for the appellee (defendant).

THAYER, J. The plaintiff describes itself in the writ as The Russian National Organization of New England, but in the complaint it alleges that its correct name is "The First Russian National Organization of the New England States, Incorporated," and alleges that it was duly incorporated on the 12th day of August, 1913, pursuant to the statute laws of this State. A copy of the certificate of incorporation is annexed to the complaint, showing that on that date three persons, one of whom was the defendant, associated themselves as a body politic and corporate, in the manner

prescribed by § 89 of chapter 194 of the Public Acts of 1903 (p. 176), regulating the formation of corporations without capital stock.

A question is raised by the finding, and has been argued before us, whether the plaintiff is legally incorporated. The defendant's answer admits the truth of the allegations just referred to, and, because of these admissions, the plaintiff must be held, for the purposes of this case, to be a corporation duly organized, entitled to sue and be sued and to receive and hold property. It is not necessary for the purposes of this case that we should pass upon the question of the legality of the plaintiff's organization, and we do not pass upon it. The assignments of error which relate to the court's rulings and findings that the plaintiff was not duly incorporated need not be considered, therefore, nor need those assignments be considered which are predicated upon the *assumption* that the voluntary association was legally incorporated in the plaintiff, for, in our view of the case, this is the real question in controversy.

In August, 1912, there was organized in the city of Ansonia a benevolent, fraternal, voluntary association under the name of the First Russian National Organization of the New England States, for the purpose of promoting the spiritual, moral and material welfare of its members. This association was composed of five branch organizations located, respectively, in Ansonia, New Britain, Waterbury, Bridgeport and Seymour. The defendant was elected treasurer of this voluntary association, accepted the trust, and gave a bond in the sum of $3,000 for the faithful discharge of the duties of his office. Between August 15th, 1912, and September 27th, 1913, he received as such treasurer, from the different branches of the voluntary association, the sum of $1,026.11. The plaintiff claims that

by its incorporation the voluntary association became merged in it, and that the association's money in the hands of the defendant thereby became the property of the corporation. The defendant having refused to turn it over to the plaintiff, this action was brought on November 2d, 1913.

Where a voluntary association becomes incorporated under a special charter or general laws, it becomes merged in the corporation, its members become the constituent members of the corporation, and its property becomes the property of the corporation. *Ferris* v. *Strong*, 3 Edw. Ch. (N. Y.) 127, 128. The plaintiff's name is the same as that of the voluntary association, except that the word "The" is prefixed and the word "Incorporated" is affixed to it to comply with the statute. There is nothing else in the plaintiff's certificate of incorporation suggesting any relationship between it and the voluntary association or its members. The copy of the certificate was proof that the corporation was duly organized, but afforded no proof that the voluntary association had thereby become incorporated. The court has found that the three persons who incorporated were members of the voluntary association, and that as early as May 4th, 1913, it was generally known and understood by all the branches that the organization was to be incorporated under the laws of the State. These facts do not show any authority on the part of the three incorporators to organize the association into a corporation, nor any consent on the part of the association that it should thus be incorporated. An intention may have existed to at some time incorporate, but the time and manner of doing it were for the association to determine. By the by-laws of the voluntary association the supreme legislative authority of the organization was vested in a convention consisting of officers of the supreme

assembly and delegates from the branches. It was for this legislative authority to determine whether the association would incorporate, and when and how the corporation should be formed. There was no action by this authority calling for the creation of the plaintiff corporation. As the plaintiff's certificate of incorporation does not show any connection of the voluntary association with it, the plaintiff, in order to identify the association with the corporation, was bound to show that the individuals who incorporated were authorized by the association to incorporate in its behalf, and that the latter's members were in fact associates of the incorporators in the act of incorporating, or that they have since become such associates. This was not done by showing that there had previously been an understanding that the association would some time incorporate.

It appears from the finding that, after the incorporation of the plaintiff, its president visited three of the local branches of the voluntary association and explained the certificate of incorporation, which was called the "normal charter," and it was accepted by the meeting. It does not appear that these meetings were called to act upon the question of accepting the charter. The plaintiff claims that this acceptance of the charter by a majority of the branches, separately, was an acceptance by the voluntary association, and that its entire membership thereby became associates of the original incorporators, and the voluntary association thus merged in the corporation.

By the by-laws of the association the local branches could only legislate for themselves. Any action by them in behalf of the association must be by delegates in convention. The larger branches had more delegates than the smaller ones, and consequently a larger voice in the supreme organization. The branches

could not, by separate action, bind the voluntary association. The most that they could thus do would be to associate their own branch with the corporation. If, by doing this, they became members of the corporation, and thus "stepped out" of the voluntary association, the branch thereby lost (as provided by § 28 of the by-laws of the association) all its rights in the association, including the right to have returned to it the dues which had been paid by it to the defendant as treasurer; and the plaintiff, by this associating of the members of these branches with its incorporators, acquired no title to any part of the money held by the defendant as treasurer of the voluntary association.

The three incorporators of the plaintiff could not make the members of the voluntary association members of the corporation without their consent. If their purpose was to incorporate the voluntary association, and they had its consent, the certificate should have stated that the signers of the certificate and the other members of the association associated to form the corporation. Had this been done, no subsequent acceptance of or consent to the so-called charter would have been necessary. But the three individuals, only, associated to form the corporation. There is no intimation in the certificate that others were then associated with them. The statute under which they organized provides that others may become associated with them in such manner as the by-laws of the corporation provide. The court finds that no such by-laws have been adopted. But, had there been, there is no finding that there has been any attempt on the part of the voluntary association or its members, other than the action by the three branches before mentioned, to associate themselves with the corporation. The court correctly held that the plaintiff had failed to

show that the voluntary association had become merged in the corporation, and that the plaintiff had any right to the money held by the defendant as treasurer.

After the defendant had introduced two witnesses, the court interrupted the trial by stating that it was unnecessary for him to introduce further testimony, as the plaintiff had failed to make out its case. The plaintiff did not ask to offer evidence in rebuttal, and the court rendered judgment for the defendant. This action of the court is assigned as error. The plaintiff was not entitled to introduce further evidence in chief, and it does not in its brief or argument claim that it was prepared to introduce any evidence in rebuttal, and the court finds that it offered none and made no claim or suggestion of any right or desire to offer any. The court's action in interrupting the trial, therefore, affords the plaintiff no substantial ground for complaint.

There is no error.

In this opinion the other judges concurred.